UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD A. ARCENEAUX** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14612** |
| **GENESIS ENERGY, LLC** | **SECTION "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Genesis Energy, LLC's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #4) is **DENIED**.

**IT IS FURTHER ORDERED** that Richard A. Arceneaux is granted leave to file an amended complaint in compliance with this Order and Reasons.

## BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant, Genesis Energy, LLC. Genesis argues that plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because plaintiff, Richard A. Arceneaux, failed to properly state a claim for which relief can be granted.

In November 2014, Enterprise Products Company hired Arceneaux as an operator and assigned him to the Viosca Knoll 817 ("VK-817"), which is a production platform and pipeline hub located in the Gulf of Mexico approximately 60 miles from Venice, Louisiana. In July 2015, Genesis bought Enterprise's offshore pipeline and services business. As part of the deal, Genesis acquired the VK-817 along with its crew, appurtenances, equipment and tools.

Arceneaux continued to work for Genesis on the VK-817 as an operator and under the same supervisors as when the VK-817 was owned by Enterprise. Arceneaux claims that from May 2015 to November 17, 2015, he reported to his supervisors unsafe and unlawful conduct on the VK-817. Arceneaux claims that he reported events such as "modifying and/or bypassing multiple safety

devices on the platform, manipulating overboard water samples, and refusing to maintain official logs and abide by reporting regulations regarding a CO leak into the living quarters." Because the supervisors took no action, on November 4, 2015, Arceneaux anonymously contacted the Bureau of Safety and Environmental Enforcement ("BSEE") "to report the violations of state and federal laws and environmental regulations that he observed on the VK-817." Arceneaux alleges that on November 14, 2015, Allen Patten, the Person in Charge on the VK-817, asked him why he contacted the agency. Arceneaux further alleges that on November 16, 2015, Ryan Chauvin, the Safety Coordinator, and Jerry Mitchesson, another Person in Charge, told crewmembers that they suspected that Arceneaux called BSEE, and that they wanted to "get rid of him" for that reason. Arceneaux was terminated on November 17, 2015.

On September 9, 2016, Arceneaux filed this action alleging that Genesis violated the Louisiana Whistleblower Act ("LWA"), La. Rev. Stat. § 23:967, and the Louisiana Environmental Whistleblower Act ("LEWA"), La. Rev. Stat. § 30:2027, by terminating him in retaliation for his complaints about the violations of state and federal environmental regulations. Genesis filed the instant motion to dismiss arguing that Arceneaux's LWA claim should be dismissed because it is superseded by his LEWA claim. Genesis also argues that Arceneaux's LWA claim should be dismissed because he did not allege a violation of state law, and that his LEWA claim should be dismissed because he does not refer to a specific environmental law, rule or regulation that Genesis allegedly violated.

## ANALYSIS

**I.     Rule 12(b)(6) of the Federal Rules of Civil Procedure**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6)

motion to dismiss, enough facts to state a claim for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)).  A claim is plausible on its face when the plaintiff pleads facts from which the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965.  The court "must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party." In re S. Scrap Material Co., LLC, 541 F.3d 584, 587 (5th Cir. 2008).  However, the court need not accept legal conclusions couched as factual allegations as true.  Iqbal, 129 S.Ct. at 1949-50.  In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)).

## II.     Rule 15(a)(2) of the Federal Rules of Civil Procedure

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." The court has discretion on whether to grant or deny leave to amend. Addington v. Farmer's Elevator Mut. Ins. Co., 650 F.2d 663, 666 (5th Cir. 1981). A court may deny leave to amend when the amendment is futile. Stripling v. Jordan Prod. Co., L.L.C., 234 F.3d 863, 873 (5th Cir.2000).  An amendment is futile when the amended complaint fails to state a claim upon which relief can be granted. Id. (citations omitted). In evaluating futility of an

amendment, the court applies "the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. (quotations omitted).

### III. The Interaction of the LWA and the LEWA

Genesis argues that Arceneaux's LWA claim is superseded by his LEWA claim because the LEWA is a more specific statute. Arceneaux contends that his LWA claim is not entirely superseded by the LEWA because his complaint states claims for non-environmental state law violations that are not covered by the LEWA.

The LWA has a broad scope. Collins v. State ex rel. Dep't of Nat. Res., 118 So.3d 43, 52 (La. Ct. App. 2013). The LWA prevents an employer from taking

> reprisal against an employee who in good faith, and after advising the employer of the violation of law:
>
> (1) Discloses or threatens to disclose a workplace act or practice that is in violation of state law.
>
> (2) Provides information to or testifies before any public body conducting an investigation, hearing, or inquiry into any violation of law.
>
> (3) Objects to or refuses to participate in an employment act or practice that is in violation of law.

La. Rev. Stat. § 23:967(A).

On the other hand, the LEWA is more specific in its scope as it protects only employees who disclose, or threaten to disclose, acts in violation of an environmental law or employees who testify or provide information about acts in violation of an environmental law. Collins, 118 So.3d at 52. The LEWA provides, in pertinent part:

> A. No firm, business, private or public corporation, partnership, individual employer, or federal, state, or local governmental agency shall act in a retaliatory manner against an employee, acting in good faith, who does any of the following:

> (1) Discloses, or threatens to disclose, to a supervisor or to a public body an activity, policy, practice of the employer, or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of an environmental law, rule, or regulation.
>
> (2) Provides information to, or testifies before any public body conducting an investigation, hearing, or inquiry into any environmental violation by the employer, or another employer with whom there is a business relationship, of an environmental law, rule, or regulation.

La. Rev. Stat. § 30:2027(A).

Principles of statutory construction provide that, where there is a general statute and a specific statute addressing the same subject matter, such as the LWA and the LEWA, the more specific statute should govern. <u>Collins</u>, 118 So.3d at 52 (citing <u>Barber v. Marine Drilling Mgmt., Inc.</u>, 2002 WL 237848 (E.D. La. 2/15/02)). Therefore, the LEWA supersedes the LWA as to Arceneaux's claims that are derived from alleged reporting of or refusing to participate in violations of environmental laws or regulations.

However, Arceneaux's LWA claims are not superseded by the LEWA to the extent that they arise from other issues. In paragraph 17 of the complaint, Arceneaux alleges that he "reported to his supervisors actual violations of state and federal laws," and that he did so to "prevent damage to health and human safety." In paragraph 11, Arceneaux alleges that he reported to his supervisors unsafe and unlawful conduct on the VK-817 regarding "modifying and or bypassing multiple safety devices on the platform" and "refusing to maintain official logs and abide by reporting regulations regarding a CO leak into the living quarters." These alleged violations are not necessarily violations of environmental laws or regulations because they could be classified as safety violations depending on the law that was allegedly violated. Therefore, Arceneaux's LWA

claim is not superseded by the LEWA as to his reporting of alleged violations of non-environmental laws and regulations.

## IV. Arceneaux's LWA Claim

Genesis argues that Arceneaux's LWA claim should be dismissed because Arceneaux did not allege a specific non-environmental state law that he claims Genesis violated. Arceneaux argues that he is not required to state in the complaint which specific state law Genesis violated and that the complaint states enough facts to support his contention that Genesis violated state law. Particularly, Arceneaux cites paragraph 11 of the complaint in which he claims that Genesis modified and/or bypassed multiple safety devices on the VK-817 and ignored a CO leak into the living quarters as alleged violations of state law. However, Arceneaux stated that he would file an amended complaint to allege the specific state laws that he alleges Genesis violated if the court deems it necessary.

To prevail on a LWS claim a plaintiff must demonstrate: (1) that he, in good faith, advised his employer; (2) of a prohibited workplace act or practice that violated Louisiana state law; (3) which he then disclosed, threated to disclose, forward to or testified about before a public body, or otherwise objected to, or refused to participate in; and, (4) as a result, his employer caused him to suffer an adverse or discriminatory employment action. La. Rev. Stat. § 23:967. "To qualify for protection under the Louisiana Whistleblower Statute, a plaintiff must prove that his employer committed an *actual* violation of state law." Wilson v. Tregre, 787 F.3d 322, 326 (5th Cir. 2015) (citing Ross v. Oceans Behavioral Hosp. of Greater New Orleans, 165 So.3d 176 (La. Ct. App. 2014); Mabry v. Andrus, 34 So.3d 1075, 1081 (La. Ct. App. 2010)).

Arceneaux does not allege which specific Louisiana state laws Genesis violated. In paragraph 11 of the complaint, Arceneaux alleges that Genesis modified and/or bypassed multiple

safety devices on the VK-817 and ignored a CO leak into the living quarters as alleged violations of state law.  These allegations do not give any information regarding whether the actions violated a specific Louisiana state law.  Because an actual violation of state law is required for recovery under the LWA, Arceneaux's complaint is insufficient to state a claim upon which relief can be granted.  Further, as stated above, Arceneaux can allege a claim under the LWA for any state law violations of non-environmental laws along with his LEWA claim.  Thus, an amendment to the complaint to allege Genesis's specific violations of non-environmental state laws would not be futile to state a claim under the LWA.  Therefore, Arceneaux is ordered to amend his complaint to allege in connection with his LWA claim the non-environmental Louisiana state laws that he claims Genesis violated.

V.      Arceneaux's LEWA Claim

Genesis argues that Arceneaux's LEWA claim should be dismissed because Arceneaux did not allege a specific environmental law, rule or regulation that Genesis violated.

Arceneaux argues that he is not required to allege the specific environmental law, rule or regulation that Genesis violated and that his complaint alleges facts that provide a reasonable inference that Genesis retaliated against him after he reported violations of environmental laws and regulations.  Arceneaux points to the allegation in paragraph 11 that Genesis manipulated overboard water samples as an example of an environmental law or regulation that Genesis violated.  However, Arceneaux stated that he would file an amended complaint to allege the specific laws if the court deems it necessary.

The LEWA was enacted "to protect employees from retaliatory action or other adverse employment action by employers for reporting possible environmental violations." Collins, 118 So.3d at 49 (citing Chiro v. Harmony Corp., 745 So.2d 1198, 1200 (La. Ct. App. 1999)).  The

purpose of the law would be frustrated if the plaintiff were required to specify the environmental law, rule or regulation that was violated. Id.  In Collins, 118 So.3d at 49, the court explained that the language of the LEWA:

> supports five requirements for a cause of action: 1) employee acts in good faith; 2) employee reports, or threatens to report, a violation; 3) employee reasonably believes the activity, policy, or practice undertaken by his employer, or another employer with whom there is a business relationship with his employer, is a violation of an environmental law; 4) employee reports, or threatens to report, the violation to a supervisor or to a public body of the employer; and 5) employer acts in retaliatory manner because the employee reported, or threatened to report, a violation.
>
> To require a plaintiff to know specifically what law is being violated would seem to render the "good faith" and "reasonably believe" portions of the law superfluous. These two requirements would serve no purpose if the employee had to know exactly what provision of the law was being violated.

Arceneaux's complaint alleges that he acted in good faith to report to BSEE activity that he reasonably believed violated environmental law and that Genesis fired him because of this action.  Arceneaux claims that Genesis violated environmental laws and regulations regarding overboard water samples.  Therefore, Arceneaux's complaint is sufficient to allege a claim under the LEWA, and Arceneaux is not required to amend his LEWA claim.  Genesis' motion to dismiss is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Genesis Energy, LLC's Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. #4) is **DENIED**.

**IT IS FURTHER ORDERED** that Richard A. Arceneaux is granted leave to file an amended complaint in compliance with this Order and Reasons.

New Orleans, Louisiana, this <u>10th</u> day of November, 2016.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**